Ehrgood, P. J.,
This matter is before the court for a violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania, after waiver of hearing before a justice of the peace. Information was brought before a justice of the peace upon oath of John G. Beemer of the Pennsylvania State police charging that defendant “did permit Richard Ellsworth Knarr to operate a Chevrolet truck bearing 1944 Pennsylvania registration U8E84 upon a public highway known as route 72 in the above-named,township, while the said Richard Ellsworth Knarr did not have an operator’s license nor a learner’s permit.”
Section 622 of said Motor Vehicle Code of May 1, 1929, P. L. 905, provides:
“No person shall authorize or permit a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act.
“Penalty. — Any person violating any of the provisions of this section, shall, upon summary conviction before a magistrate, be sentenced to pay of fine of *494 twenty-five ($25) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days.”
Defendant waived a hearing and appealed'to this court under section 1204 (b) of the Motor Vehicle Code, which provides as follows:
“Any person charged with violating any of the provisions of this act . . . may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the municipal court, in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court.”
Section 1204(c) provides as follows: “If any person, so accused, having waived a hearing, shall be convicted in such court of the offense charged, he shall be sentenced to pay the fine and costs of prosecution, or suffer imprisonment provided in this act for the offense committed.”
At the hearing, Commonwealth produced the prosecutor from whose testimony the following facts appeared. On May 13, 1944, prosecutor, a Pennsylvania State police officer, was directing traffic at a highway intersection in Union Township, Lebanon County, Pennsylvania. The operator of said truck drove it through a red light signal, whereupon prosecutor stopped said operator who was one Richard Ellsworth Knarr. When asked to produce his operator’s license, the operator failed to have a license. Immediately thereafter, defendant came upon the scene and told prosecutor, when asked if he knew that Knarr did not have a license, that he had asked Knarr. whether he had an operator’s license, and was informed by him that he had.' Thereupon, an information was brought against defendant, under the section of the code here *495 inbefore referred to. Defendant’s counsel demurred to the evidence as being insufficient to support this prosecution because it fails to show any knowledge on the part of Donmoyer (defendant) of the incapacity or lack of qualifications of Richard Knarr. Defendant contends it was necessary for the Commonwealth to show more than the driving of the car without a license, but that in addition thereto, Donmoyer, as the owner of the car knew him to be not qualified by law to operate it at that time. Section 601 of the Motor Vehicle Code provides:
“No person, except those expressly exempted under this act, shall operate any motor vehicle upon a highway in this Commonwealth, unless such person has been licensed as an operator or a learner by the department under the provisions of this act.”
It, therefore, follows that defendant authorized or permitted a motor vehicle owned by him to be operated by a person who had no legal right to do so. The only question before the court, under the demurrer, is whether or not knowledge on the part of defendant that the operator was not licensed was a necessary element of this offense to be proved, as a fact, by the Commonwealth. This question has been ruled upon and determined in Pennsylvania in In re Carleton’s License, 127 Pa. 330, which case is cited with approval in Commonwealth v. Stofchek, 322 Pa. 513. In the Carlson case, it is laid down that (p. 332) :
“. . . where a statute commands that an act be done or omitted, which in the absence of such statute might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems, will not excuse its violation. . . . Such is also the case in regard to many other fiscal, police, and other laws and regulations, for the mere violation of which, irrespective of the motives or knowledge *496 of the party, certain penalties are enacted; for the law, in these cases, seems to bind the party to know the facts, and to obey the law, at his peril.”
While the Carlson case dealt with the violation of the liquor license law, the principles of law therein determined and approved are applicable and controlling to the situation present in the instant case. We are of the opinion that it was not incumbent upon the Commonwealth in this case to prove that defendant knowingly and intentionally permitted the operator to operate defendant’s truck while not licensed so to do. The authorization and permission so to do constituted the offense which section 622 of the Motor Vehicle Code declares to be unlawful. The fact that defendant interrogated the operator as to his qualifications as a licensed driver and was assured by the operator that he was so qualified, is not a sufficient excuse or justification under the provisions of this section of the Motor Vehicle Code. As was stated by Chief Justice Paxson in the Carlson case, at page 335: “If such a defense could be successfully interposed in such cases, there would be few convictions, and the law would be nullified for all practical purposes.” Under the circumstances here present, the best that can be said on behalf of defendant is that there are mitigating circumstances in his favor.
In accordance with the foregoing, we will make the following order:
And now, to wit, November 15, 1945, the demurrer taken to Commonwealth’s evidence is overruled and defendant is adjudged guilty of a violation of section 622 of the Motor Vehicle Code of the Commonwealth of Pennsylvania, with leave to the District Attorney to call the defendant for sentence.